**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In Re: Peter Paul Mitrano**

**PETER PAUL MITRANO,**

**Appellant,**

**v.** **Case No: 6:25-cv-1434-PGB**

**DENNIS S. MITRANO,**

**Appellee,**

_____________________________/

# ORDER

This cause comes before the Court without oral argument upon *pro se* Appellant Peter Paul Mitrano's ("**Appellant**") brief. (Doc. 25). *Pro se* Appellee Dennis S. Mitrano ("**Appellee**") has failed to file a response. After reviewing the record, this appeal is due to be dismissed

## I. LEGAL STANDARD

This Court has jurisdiction over this appeal from the final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158. In bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its resolution of legal questions *de novo*. *Coady v. D.A.N. Joint Venture III, L.P.*, 588 F.3d 1312, 1315 (11th Cir. 2009) (per curiam).

## II. DISCUSSION

Appellant files this appeal following the resolution of an adversary proceeding in the Bankruptcy Court. (*See* Docs. 2-7, 2-12, 2-14). In this appeal, Appellant argues that the Bankruptcy Court erred by 1) denying his request to have an Article III judge hear his adversary proceeding and 2) denying his request to present oral argument at the hearing on his claims. (Doc. 7, pp. 1–4). Ultimately, Appellant's arguments are frivolous.

First, while Appellant is entitled to an Article III adjudicator, *de novo* review on appeal satisfies this requirement. *Stern v. Marshall*, 564 U.S. 462, 475 (2011) ("It is the district court that enters final judgment in such cases after reviewing *de novo* any matter to which a party objects."); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 40 (2014) ("District Court's *de novo* review and entry of its own valid final judgment cured any error."). Appellant has the right to an Article III adjudicator on the merits, not the right to an Article III forum at the outset. Moreover, Appellant withdrew reference of those proceedings to this Court. (*See* Doc. 2-31). This Court, and the Eleventh Circuit on appeal, dismissed that withdrawal of reference for lack of prosecution. (*See Mitrano v. Mitrano*, No. 6:24-mc-20 (M.D. Fla. Jan. 26, 2026), ECF No. 8; *Mitrano v. Mitrano*, No. 26-10162-GG (11th Cir. Apr. 20, 2026)).

Next, Appellant was not entitled to make oral argument regarding his briefing in the Bankruptcy Court. Federal Rule of Civil Procedure 78(b) clearly establishes that "[b]y rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings." Appellant does not provide

any authority to suggest that Federal Rule of Civil Procedure 78(b) violates substantive due process, as he claims. Accordingly, the Bankruptcy Court did not violate Appellant's Constitutional rights by prohibiting him from making oral argument.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Judgment of the Bankruptcy Court is **AFFIRMED**;[1]

2. The appeal is **DISMISSED**; and

3. The Clerk of Court is **DIRECTED** to close the case.

**DONE AND ORDERED** in Orlando, Florida on August 28, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

[1] The Court notes that the record, as supplied by Appellant, does not seem to include the Bankruptcy Court's final judgment. *Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1333 (11th Cir. 2006) ("[T]he burden is on the appellant to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the [lower] court's decision we ordinarily will affirm the judgment.").